## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRELL DAMPIER, #M22181,    )
    )
    **Plaintiff,**    )
    )
vs.    )    **Case No. 26-cv-00025-SMY**
    )
WARDEN JEREMIAH BROWN,    )
LT. KYLE FULLER,    )
C/O RALSTON,    )
C/O WEST,    )
C/O PETRY,    )
C/O STEPHEN GERMAK,    )
C/O TOLIVER, and    )
SERGEANT BOWKER,    )
    )
    **Defendants.**    )

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Terrell Dampier, an inmate in the custody of the Illinois Department of Corrections (IDOC) currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred when Plaintiff passed out from smoke inhalation at Lawrence Correctional Center. (Docs. 1 and 1-1). He claims that instead of moving him safely away from the fumes, Defendants beat him and issued him two disciplinary tickets. *Id*.

The Complaint is now before the Court for review under 28 U.S.C. § 1915A. Any portion that is legally frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant must be dismissed. *Id*.

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-7): After another inmate started a fire in Lawrence Correctional Center's restrictive housing unit on or around February 13, 2025, Plaintiff lost consciousness from smoke inhalation. *Id*. at 5-6. Lieutenant Fuller and Lawrence's Emergency Response Team (Lieutenant Ralston, Sergeant Bowker, C/O West, and C/O Petry) found him unresponsive in his cell (Unit A12 Upper Tier). Instead of moving him away from the fumes, they sprayed him with pepper spray, beat him, and restrained him. Plaintiff regained consciousness in the process, and the officers took him to see the nurse.

The entire incident could have been avoided if prison staff had conducted routine well-being checks on the inmates. Because they did not, another inmate started a fire that caused Plaintiff to suffer permanent injuries, including breathing difficulties and persistent pain. *Id*.

Plaintiff received two disciplinary tickets for this incident. The first ticket was issued by Lieutenant Fuller for disobeying a direct order (215). The second ticket was issued by Sergeant Bowker for causing a dangerous disturbance (105). The tickets resulted in a wrongful finding of guilt by Lawrence's adjustment committee (C/O Toliver and C/O Germak) that was affirmed by Lawrence's warden (Warden Jeremiah Brown). As punishment, Plaintiff received 14 days in segregation, 2 months of C grade, and 2 months of commissary restriction. *Id*.

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants Fuller, Ralston, Bowker, West, and Petry for spraying Plaintiff with pepper spray, beating him, and restraining him after finding him unresponsive from smoke inhalation on or around February 13, 2025.

**Count 2:** Fourteenth Amendment claim against Defendants Fuller, Bowker, Toliver, Germak, and Brown for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with 14 days of segregation, 2 months of C grade, and 2 months of commissary restriction for disobeying

2

a direct order (215) and causing a dangerous disturbance (105) on or around February 13, 2025.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Discussion

### Count 1

The Eighth Amendment imposes a duty on state actors to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To state a claim based on a prison official's failure to protect an inmate from harm, a plaintiff must allege that: (1) the denial of protection posed a substantial risk of serious harm to the plaintiff; and (2) each defendant acted with deliberate indifference to that risk. *Farmer*, 511 U.S. at 834.

The Eighth Amendment also prohibits the use of excessive force against an inmate. *Wilkins v. Gaddy*, 559 U.S. 34, 36-37 (2010). To state a claim for the use of unauthorized force, the plaintiff must plead facts which suggest the force was carried out "maliciously and sadistically" and not as part of "a good-faith effort to maintain or restore discipline. *Id*. at 40 (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Here, the Complaint states a viable Eighth Amendment claim against Defendants Fuller, Ralston, Bowker, West, and Petry for allegedly spraying Plaintiff with pepper spray, beating him, and restraining him on or around February 13, 2025. Because Plaintiff was unconscious at the time, the allegations suggest that Defendants' conduct was malicious and sadistic, not part of a

good-faith effort to maintain order or restore discipline.  Accordingly, Count 1 will proceed against these defendants in their individual capacities.

### Count 2

To state a claim under the Fourteenth Amendment arising from an unfair disciplinary action, a plaintiff must allege: (1) the existence of a constitutionally protected liberty interest triggering the right to due process of law; and (2) deficient procedures in connection with the deprivation of that interest.  *Lisle v. Welborn*, 933 F.3d 705, 720 (2019).  The question is "whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it."  *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024).  A protected liberty interest arises where a plaintiff's punishment amounts to an "atypical and significant hardship" in relation to the ordinary incidents of prison life.  *See Croom v. Schoenbeck*, App. No. 24-1875, 2025 WL 957898, at *1 (7th Cir. March 31, 2025) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Plaintiff's punishment with 14 days in segregation does not rise to this level, even when combined with a commissary restriction and demotion to C grade.  *See Judkins v. Pierce*, 2023 WL 6141608, at *2 (7th Cir. Sept. 20, 2023) (punishment with 6 months of segregation and loss or restriction of privileges do not, without more, implicate a protected liberty interest) (citing *Lekas v. Briley*, 405 F.3d 602, 605, 613 (7th Cir. 2005) (temporary loss of contact visits and restricted commissary); *Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995) (6 months of disciplinary segregation and demotion to C grade)).  He provides no other information about the conditions he faced in segregation.  Nor does he describe due process rights he was denied at his prison disciplinary hearing on the two tickets.  Therefore, Count 2 will be dismissed without prejudice against all defendants.

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A.  **COUNT 1**

will proceed against Defendants **FULLER, RALSTON, BOWKER, WEST,** and **PETRY**, in their individual capacities.

**COUNT 1** is **DISMISSED** without prejudice against Defendants **JEREMIAH BROWN, STEPHEN GERMAK,** and **C/O TOLIVER** for failure to state a claim against them, and **COUNT 2** is **DISMISSED** without prejudice against **ALL DEFENDANTS** on the same ground.

Defendants **JEREMIAH BROWN, STEPHEN GERMAK,** and **C/O TOLIVER** are **DISMISSED** without prejudice as defendants.

The Clerk shall prepare for Defendants **FULLER, RALSTON, BOWKER, WEST,** and **PETRY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local**

**Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Defendants JEREMIAH BROWN, STEPHEN GERMAK, and C/O TOLIVER as parties in CM/ECF.**

**IT IS SO ORDERED**.

**DATED: 7/20/2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.